* * * We think that the so-called catalogues are designed solely to give information to the trade concerning the supplies carried and the prices at which they may be purchased. At all events, they furnish no evidence whatever of · any intention to classify vegetable products according to table use, and in our opinion are utterly valueless as evidence of commercial designation.

After a careful consideration of the entire record, we are convinced that the plaintiff has failed to establish a *prima facie* case. All claims in the protest are, therefore, overruled. Judgment will be rendered accordingly.

No. 61053.—Keuffel & Esser Company *v.* United States, protests 293715–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise is similar in all material respects to the boxes the subject of Abstract 59557, the claim of the plaintiff was sustained.

No. 61054.—J. Zissu et al. *v.* United States, protests 281634–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

No. 61055.—Franco-American Novelty Co., Inc. *v.* United States, protest 284990–K (A) (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

No. 61056.—Haddad & Sons *v.* United States, protest 283784–K (New York).